# Third District Court of Appeal

## State of Florida

Opinion filed February 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0751
Lower Tribunal No. 19-33211-CA-01
_____

**JVA Engineering Contractor, Inc.,**
Appellant,

vs.

**Doral 10, LLC, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Cole, Scott & Kissane, P.A., and Therese A. Savona (Orlando), for appellant.

Brito, PLLC, and Alejandro Brito and Cecilia S. Miranda, for appellee Doral 10, LLC.

Before EMAS, SCALES and GOODEN, JJ.

SCALES, J.

Appellant JVA Engineering Contractor, Inc. ("JVA"), a corporation, appeals a March 26, 2024 non-final order in which the trial court granted a motion to add a claim for punitive damages against JVA by appellee Doral 10, LLC ("Doral 10"). We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(G). We reverse the challenged order because Doral 10's showing below did not satisfy the requirements of section 768.72(3) of the Florida Statutes, governing punitive damages claims asserted against a corporate entity.

### I. Relevant Background

JVA is a roadway contractor. In January 2019, it entered into a contract with the City of Doral, Florida (the "City") to work on a roadway construction project along N.W. 102nd Avenue. For this project, the City, JVA, and JVA's supervisor, BCC Engineering, Inc. ("BCC"), needed a staging area for equipment and materials. The contract between the City and JVA authorized the City to approve the location of the staging area. Two adjacent parcels abutted N.W. 102nd Avenue: the so-called Renegade Property and a larger property owned by Doral 10 (the "Doral 10 Property"). In February 2019, the City, BCC and JVA representatives met with the owner of the Renegade Property and all agreed that the Renegade Property would serve as the staging area. Nonetheless, for reasons not relevant to this opinion, JVA used

2

the Doral 10 Property as its staging area for two months without Doral 10's consent and, allegedly, with the City's tacit approval. When Doral 10 learned about JVA's presence on the Doral 10 Property, it ordered JVA to leave and JVA promptly complied.

In November 2019, Doral 10 filed suit against the City, JVA and BCC. In February 2024, Doral 10 filed a renewed motion for leave to amend its complaint to plead punitive damages (the "Motion"), attaching as an exhibit its operative Fifth Amended Complaint, which alleged multiple claims against the three defendants.[1] As its basis for seeking punitive damages, Doral 10 alleged that JVA intentionally trespassed onto the Doral 10 Property and, as a consequence of this trespass, JVA negligently contaminated the property.

The trial court conducted a March 25, 2024 hearing on the Motion. In its March 26, 2024 order granting the Motion, the trial court found that Doral 10 made a reasonable showing by the evidence for the recovery of punitive damages as a result of either intentional misconduct or gross negligence. The trial court made no other findings. JVA timely appealed the trial court's March 26, 2024 order.

**II. Analysis**

A. Trial Court's "Gatekeeping" Function and this Court's Standard of Review

---

[1] Doral 10 proceeds with claims of trespass and negligence against JVA.

In considering a claim for punitive damages the trial court performs a "gatekeeping" function, requiring the trial court to determine whether the movant has established a reasonable basis for the recovery of punitive damages. Fed. Ins. Co. v. Perlmutter, 376 So. 3d 24, 32 (Fla. 4th DCA 2023);[2] see § 768.72(1), Fla. Stat. (2024). The gatekeeper role also extends to the trial court's determining whether the movant has satisfied the requirements of subsection 768.72(3). See, e.g., McClane Foodservice, Inc. v. Wool, 49 Fla. L. Weekly D2106, 2024 WL 4536221, at *2 (Fla. 3d DCA Oct. 16, 2024); Grove Isle Ass'n v. Lindzon, 350 So. 3d 826, 832 (Fla. 3d DCA 2022). We review a trial court's order granting a motion for leave to add a punitive damages claim *de novo*. Friedler v. Faena Hotel & Residences, LLC, 390 So. 3d 186, 187 n.1 (Fla. 3d DCA 2024).

B. Statutory Prerequisite to Asserting a Claim for Punitive Damages

---

[2] The Perlmutter court both certified conflict with several cases from other courts, and certified a question of great public importance, regarding the issue of whether a trial court, in adjudicating a motion for leave to assert a punitive damages claim, must make a preliminary determination of whether a jury could find by clear and convincing evidence that punitive damages are warranted. Perlmutter, 376 So. 3d at 38. The Florida Supreme Court has accepted jurisdiction. Perlmutter v. Fed. Ins. Co., No. SC24-0058, 2024 WL 4948685 (Fla. Dec. 3, 2024). We are reversing the challenged order on grounds other than the issue certified in Perlmutter, and express no opinion regarding the certified issue.

An analysis of whether a claim for punitive damages is warranted proceeds from section 768.72(1) of the Florida Statutes, which, in relevant part, states: "In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. (2024). Because a defendant may be held liable for punitive damages only if the plaintiff establishes, by clear and convincing evidence, that the defendant was guilty of either "intentional misconduct" or "gross negligence," the proposed complaint must specifically plead, and the required proffer or record evidence must reasonably show, that the defendant's actions constituted either "intentional misconduct" or "gross negligence." §768.72(2)(a), (b), Fla. Stat. (2024).

If the plaintiff is seeking to assert a punitive damages claim against a corporate entity, such as JVA, section 768.72(3) places an additional hurdle on the plaintiff:

> (3) In the case of an employer, principal, corporation, or other legal entity, punitive damages may be imposed for the conduct of an employee or agent only if the conduct of the employee or agent meets the criteria specified in subsection (2) *and*:
>
> (a) The employer, principal, corporation, or other legal entity actively and knowingly participated in such conduct;

5

(b) The officers, directors, or managers of the employer, principal, corporation, or other legal entity knowingly condoned, ratified, or consented to such conduct; or

(c) The employer, principal, corporation, or other legal entity engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant.

§ 768.72(3), Fla. Stat. (2024) (emphasis added).

Thus, to assert a punitive damages claim against JVA, it was incumbent upon Doral 10 not only to allege and proffer evidence of a JVA employee's "intentional misconduct" or "gross negligence," but also to allege and proffer evidence that JVA either participated in the employee's conduct, condoned, ratified, or consented to the employee's conduct, or itself engaged in the conduct. Id; see McClane FoodService, Inc., 2024 WL 4536221, at *3; Napleton's N. Palm Auto Park, Inc. v. Agosto, 364 So. 3d 1103, 1106 (Fla. 4th DCA 2023); Lindzon, 350 So. 3d at 831.

In its Motion, Doral 10 made no reference to, or made any proffer required by, section 768.72(3)'s requirements. Indeed, in the Motion, there was no mention of JVA's *corporate* conduct that would have brought JVA within the purview of section 768.72(3). Our *de novo* review of the record reveals that Doral 10's pleading and proffer failed to satisfy section

768.72(3)'s requirements. We therefore are compelled to reverse the challenged order.[3]

Reversed.

---

[3] Although JVA raised the issue of corporate liability for punitive damages in its response to the Motion, like the Motion, the trial court's order made no reference to, or findings regarding, section 768.72(3)'s requirements. While nothing in section 768.72 or Florida Rule of Civil Procedure 1.190(f) expressly requires that specific findings be contained in a trial court order adjudicating a motion seeking leave to assert a punitive damages claim, our *de novo* review of such an appealable non-final order is greatly assisted when the challenged order tracks the statutory requirements, with citations, where appropriate, to the relevant portions of the record and to the movant's proffer. See Perlmutter, 376 So. 3d at 30, n.3 ("While not mandatory under Florida Rule of Civil Procedure 1.190, we encourage trial courts to identify on the record (preferably in writing) the evidence presented by the movant that satisfied the evidentiary showing. . . . Without an affirmative finding and identification of evidence supporting the ruling, appellate courts will be significantly hampered in their review of whether the trial court properly performed its gatekeeping function.").